**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**February 26, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

　　Plaintiff - Appellee,

v.

DAVID GENE KNOCHE,

　　Defendant - Appellant.

No. 25-4063
(D.C. No. 2:16-CR-00079-CW-1)
(D. Utah)

_____

**ORDER AND JUDGMENT***
_____

Before **TYMKOVICH**, **BALDOCK**, and **MORITZ**, Circuit Judges.
_____

David Gene Knoche, proceeding pro se, appeals from the district court's dismissal of his motion to reopen his criminal case. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

**BACKGROUND**

Mr. Knoche accepted a plea agreement and pleaded guilty to one count of possession of child pornography involving a minor less than 12 years of age, in

---

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). Although the plea agreement was reached under Federal Rule of Criminal Procedure 11(c)(1)(C), the district court rejected the parties' agreed 144- to 204-month sentencing range. At sentencing, it imposed the statutory maximum of 240 months.

Mr. Knoche did not appeal or move to collaterally attack his sentence. Instead, more than four years after sentencing, he filed a motion to reopen his criminal case, requesting to withdraw his plea. The district court concluded it could not exercise jurisdiction over the motion under either 18 U.S.C. § 3582 or 28 U.S.C. § 2255 and dismissed it for lack of jurisdiction. Mr. Knoche did not appeal. Nearly a year later, however, he filed a second motion to reopen based on certain statements in the order dismissing the first motion to reopen. The district court also dismissed the second motion to reopen for lack of jurisdiction. In addition to referring to its reasons for denying the first motion to reopen, it held that Federal Rule of Criminal Procedure 11(e) precluded it from considering the motion. This appeal is from the dismissal of the second motion to reopen.

## DISCUSSION

We review a dismissal for lack of subject-matter jurisdiction de novo. *See Česká Zbrojovka Defence SE v. Vista Outdoor, Inc.*, 79 F.4th 1255, 1259 (10th Cir. 2023).

Mr. Knoche seeks to withdraw his plea. But at this stage of the proceedings, he cannot withdraw his plea by moving to reopen his criminal case. Rule 11(e) provides that "[a]fter the court imposes sentence, the defendant may not withdraw a

2

plea of guilty or nolo contendere, and *the plea may be set aside only on direct appeal or collateral attack*." (emphasis added).  Rule 11(e) is jurisdictional.  *See United States v. Spaulding*, 802 F.3d 1110, 1127 (10th Cir. 2015).  Because the second motion to reopen was neither an appeal nor a collateral attack, the district court did not err in concluding it lacked jurisdiction to consider it.

Mr. Knoche asserts the district court did not follow the required procedures to reject the sentencing range stipulated in his Rule 11(c)(1)(C) plea agreement. *See* Fed. R. Crim. P. 11(c)(5).  Arguing he was deprived of his rights to a jury trial, the assistance of competent counsel, and due process, he states that "[u]ltimately a loss of constitutional rights merits relief."  Aplt. Opening Br. at 17.  Under Rule 11(e), however, any relief must come through direct appeal or on collateral attack.  (Mr. Knoche's citation to *United States v. Conine*, 775 F. App'x 458 (10th Cir. 2019), is misplaced because *Conine* was a direct appeal, which Rule 11(e) expressly allows.)  To the extent Mr. Knoche requests an exception, the courts cannot create equitable exceptions to jurisdictional requirements.  *See Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The government suggests an alternative ground to conclude the district court lacked jurisdiction—that the second motion to reopen was an unauthorized second or successive § 2255 motion.  *See* § 2255(h); *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam).  It makes this argument because the district court discussed § 2255 in analyzing Mr. Knoche's first motion to reopen.  But the first motion to reopen was not a § 2255 motion, and the government does not show that

3

the district court ever properly recharacterized it as such. *See Castro v. United States*, 540 U.S. 375, 377 (2003) (establishing requirements for recharacterizing a filing as an initial § 2255 motion). The government therefore has not established the first motion to reopen counts as an initial § 2255 motion that would support treating the second motion to reopen as a second or successive § 2255 motion. *See Castro*, 540 U.S. at 377.

## CONCLUSION

We affirm the district court's dismissal of the second motion to reopen.

Entered for the Court


Nancy L. Moritz
Circuit Judge